UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY FRANK VOSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:13-CV-01493-M |
| | § | |
| SMITH SYSTEM MANUFACTURING CO., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is the Motion to Dismiss Plaintiff's Claim for Intentional Infliction of Emotional Distress [Docket Entry #4], filed by Defendant Smith System Manufacturing Co. ("Smith System"). For the reasons set forth below, the Motion is **GRANTED**.

### I.   BACKGROUND

This case concerns an employment action that arises under Title 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 1981. The Court has supplemental jurisdiction over state law claims under 28 U.S.C. 1367(a) because such claims arise out of the same case or controversy.

Plaintiff claims to have been originally hired by Defendant Smith System to be a forklift operator. He alleges that between October 2011 and July 2012, he was subjected to racial slurs by his shipping supervisor, Eric Inu, and his co-workers, David Inu and Luis Inu, and that he reported these racial slurs to management on several occasions, but that the issue was not remedied. Plaintiff asserts that because of his complaints of race discrimination, Smith System wrongfully discharged him. Plaintiff claims that, under 42 U.S.C. § 2000e-2(a), he suffered discrimination due to his race and color. Plaintiff also asserts that he was subjected to unfair employment practices due to a disability, in violation of the Americans with Disabilities Act.

Finally, Plaintiff asserts a state law claim for intentional infliction of emotion distress, alleging that Smith System employees subjected him to racial slurs and other humiliations. He pleads that the conduct of Smith System's employees was extreme and outrageous and proximately caused him to incur severe emotional distress and damages.

Smith System moved to dismiss Plaintiff's claim for intentional infliction of emotional distress under Rule 12(b)(6). Smith System alleges that since Plaintiff's discrimination claims are the subject of a statutory remedial scheme, that alleged discrimination cannot also form the basis for a claim of intentional infliction of emotional distress. Alternatively, Smith System asserts that Plaintiff's claim for intentional infliction of emotional distress fails because Plaintiff has failed to allege specific facts, which, if true, would support his claim.

## II. PLEADING STANDARD

For a pleading to withstand a Rule 12(b)(6) motion to dismiss, it must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. In analyzing a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004). A Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 975 (N.D. Tex. 2011) (Lynn, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It must provide "more than an unadorned accusation devoid of factual support," but need not include detailed factual allegations. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although courts must presume that the plaintiff's factual allegations are true, "legal conclusion[s] couched as . . . factual allegation[s]" are not given the same deference. *See Twombly*, 550 U.S. at 555.

## III. ANALYSIS

The Texas law tort of intentional infliction of emotional distress requires proof of the following elements: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) that conduct caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-CV-809-L, 2012 WL 3013929, at *7 (N.D. Tex. July 20, 2012) (Lindsay, J.) (citing *Twyman v. Twyman,* 855 S.W.2d 619, 621–22 (Tex.1993)). The Texas Supreme Court has recognized that an intentional infliction of emotional distress claim is "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has *no other* recognized theory of redress." *Standard Fruit & Vegetable Co. v. Johnson,* 985 S.W.2d 62, 68 (Tex. 1998) (emphasis added).

The Texas Supreme Court applied this rule in *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004), where it held that a plaintiff could not pursue both a sexual harassment claim and an intentional infliction of emotional distress claim under the Texas Commission on Human Rights Act ("CHRA") against her employer because "CHRA provides a remedy for the same emotional damages caused by essentially the same actions" and therefore "there is no remedial gap in this case and thus no support for the award of damages under the intentional-infliction claim." *Id.* at 450.  The Texas Supreme Court stated that while such a claim may be brought in unique circumstances, "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available" and if another theory of redress exists, then the "tort simply has no application . . . even if emotional distress exists" as well.

Similarly, where a woman alleged prejudice in the workplace due to her bipolar disorder, a court in this district found that her claims for intentional infliction of emotional distress were preempted because she relied on the same alleged conduct underlying those claims as part of her discrimination, harassment, and retaliation claims. *Phillips v. United Parcel Serv.*, No. 3:10-CV-1197-G-BH, 2011 WL 2678949 (N.D. Tex. July 8, 2011) (Fish, J.) *aff'd*, 485 Fed. App'x 676 (5th Cir. 2012); *see also Bustamante v. Hill Country Mem'l Hosp., Inc.*, No. A-09-CA-745-LY, 2010 WL 3909412, at *12 (W.D. Tex. Sept. 29, 2010) (concluding that because plaintiff "relie[d] on the same facts for the [intentional infliction of emotional distress] claim as she cites in support of her Title VII claims, the [intentional infliction of emotional distress] claim is not an available remedy under Texas law.").

The Court finds instructive the analysis in *Hoffman-La Roche*. Here, the Plaintiff relies on the same set of facts to support his intentional infliction of emotional distress claim and his Title VII claims under 42 U.S.C. § 2000e-2(a). Plaintiff asserts that he was subjected to racial slurs by his supervisor and co-workers, and because he directed complaints against them, he was wrongfully discharged. He relies upon this set of facts to establish both his intentional infliction of emotional distress claim *and* his Title VII claims.

Plaintiff's Title VII claims here provide a remedy for the same wrongful conduct alleged as part of Plaintiff's intentional infliction of emotional distress claim. *Bustamante*, 2010 WL 3909412, at *12. Because Texas recognizes intentional infliction of emotional distress as a tort created only for the rare circumstance where the victim has no other recognized theory of redress, the Court will not allow the Plaintiff to pursue such a claim when the he has redress under 42 U.S.C. § 2000e-2(a). Because the intentional infliction of emotional distress claim is unavailable to the Plaintiff, the Court declines to determine whether the Plaintiff had pleaded

facts sufficient to establish an intentional infliction of emotional distress claim under the pleading standard of *Twombly* and *Iqbal*.

## CONCLUSION

The Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's intentional infliction of emotional distress claim.

**SO ORDERED**.

February 6, 2014.

*[signature]*
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**